## CIRCUIT COURT OF THE CITY OF SALEM

Donald J. Summers,
individually
and as a partner in
M & V Associates

v.

M & V Associates,
a general partnership, et al.

March 3, 1999

Case No. CH98-35

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff claims that he has been involuntarily ousted from a real estate partnership and asks that it be dissolved and that its assets be valued, liquidated, and distributed according to law. Defendants argue that because Plaintiff voluntarily resigned from the partnership, he is bound by the written partnership agreement which sets forth a formula for valuation, liquidation, and distribution of partnership assets. The contractual formula is less beneficial to the Plaintiff and more beneficial to one of the Defendants. This is a factual determination which the Court resolves in favor of the Plaintiff.

Throughout the many hearings in this case, both sides have frequently referred to the facts in the previous case of *Summers v. Viamac, Inc., et al.* That case, which involved most of the same facts as this case, the same witnesses, the same lawyers, and the same judge, involved a claim by Summers of corporate oppression in his loss of employment and position with Viamac and resulted in judgment for the Defendants. Viamac owned and

operated multiple restaurants in buildings leased from M & V. These business entities have been kept separate on paper, but all of the parties have been closely connected with each of them, and their operations intertwine. These cases should have been tried together. It is difficult to separate the facts as well as the impressions the Court received of the various witnesses when they testified in both cases.

In this case, the Plaintiff testified that Defendant Foti terminated him from both Viamac and M & V at their September 4, 1997, meeting. Defendants argue that Plaintiff's recollection of that meeting is wrong because Defendant Foti was only acting in his capacity as president of Viamac, and not as managing partner of M & V, when he fired Plaintiff from his meat-cutting job. Defendant Foti, a sophisticated businessman, was precise in his testimony concerning the legal relationship he exercised with Plaintiff when he terminated him from his employment and ejected him from the property. This precision was contrary to the handwritten letter he later delivered to the Plaintiff, which states in part that "I met with you and informed you that your employment with Viamac, Inc., and/or M & V Associates, ATIMA was terminated." See Plaintiff's Exhibit Number 1. That letter tends to corroborate Plaintiff's testimony that Defendant Foti terminated him with regard to both the corporation and the real estate partnership. Upon consideration of all of the factors in this case, including but not limited to the evidence and the testimony of the parties, their relative degrees of sophistication in business matters, their education or lack thereof, their demeanor, their individual interest in the outcome to the litigation, and construing the termination letter against its drafter, the Court finds that Defendant Foti was acting as president of Viamac and as Managing Partner of M & V when he fired the Plaintiff, ejected him from the partnership property, and threatened him with prosecution for trespass if he returned. It was at that time that the partnership was dissolved. See *Ryman v. Ryman's Ex'r.*, 100 Va. 20, 24 (1901), and *Lindsey v. Bevins*, 204 Va. 74, 80 (1963). All conflicts in the evidence and questions of construction have been resolved in favor of the Plaintiff.

The Defendant's Motion for Summary Judgment, their motion that all requests for admissions should be deemed to be admitted because of the Plaintiff's delay in answering them, and the motion to strike the evidence of the Plaintiff and to grant a directed verdict have all been previously taken under advisement. Insofar as the delay in answering the requests for admissions is concerned, the Court is aware of the hip replacement surgery that lead counsel for Plaintiff recently underwent and is aware that inconvenience rather than harm was suffered by the Defendant as a result of the delay.

Accordingly, pursuant to Rule 4:11, the Court extends the Plaintiff's time to respond to the requests for admissions to the date that the responses were actually filed. The Motion for Summary Judgment and the Motion to Dismiss are likewise denied. The most recent motion/objection of the Defendant to exclude the new issues raised by the Plaintiff in his final written argument is granted. Only matters raised by the pleadings are before the Court. No new issues will be considered in this case.